AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of California

FILED

AUG 2 3 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Blue Samsung Cellphone,
IMEI #353795/10/444516/6, S/N #R28M210RAHV, in
possession of Israel ALDACO Perez at the time of arrest

)
)
)
)
)
)

Case No.

'19 MJ 10492

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-1, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B-1, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 952, 960, 963 | Importation of a Controlled Substance; Conspiracy |

The application is based on these facts:

See attached Affidavit of HSI Special Agent Richard Lopez

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Richard Lopez, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/23/19

_____
*Judge's signature*

City and state: El Centro, CA

Michael S. Berg, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A-1

## PROPERTY TO BE SEARCHED

The property/item to be searched is described as:

1.  one (1) Blue, Samsung Cell Phone, IMEI #353795/10/444516/6, S/N #R28M210RAHV ("**Target Telephone #1**"),



The **Target Phone** is currently in the possession of DHS and is being held as evidence in the Southern District of California.

## ATTACHMENT B-1
## ITEMS TO BE SEIZED

Authorization to search the cellular phones described in Attachment A-1 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular phones. The seizure and search of the cellular phones will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular phones will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period from **June 1, 2019 through July 21, 2019**:

a.  tending to identify attempts to import methamphetamine, cocaine, or some other controlled substance from Mexico and distribute the controlled substance in the United States;

b.  tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers– used to facilitate the smuggling and distribution of methamphetamine, cocaine, or some other controlled substance from Mexico into, and through, the United States;

c.  tending to identify co-conspirators, criminal associates, or others involved in smuggling and distribution of methamphetamine, cocaine or some other controlled substance from Mexico into the United States;

d.  tending to identify travel to or presence at locations involved in the smuggling and distribution of methamphetamine, cocaine or some other controlled substance, such as stash houses, load houses, or delivery points;

e.  tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 843**.

The seizure and search of the cellular phone(s) shall follow the procedures outlined in the supporting affidavit. Deleted data, remnant data, slack space, and temporary and permanent files on the cellular phone(s) may be searched for the evidence above.

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Richard F Lopez, Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) having been duly sworn, depose and state as follows:

**INTRODUCTION**

1.     I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by Department of Homeland Security (DHS), Homeland Security Investigations (HSI) agents for the following target property: two cellular telephone (**Target Telephone #1 and Target Telephone #2)** seized from Israel ALDACO-Perez ("ALDACO") on July 20, 2019 and July 21, 2019. The cellular telephones are as follows (together the **Target Telephones**):

> A. one (1) blue Samsung Cell Phone, IMEI #353795/10/444516/6, S/N #R28M210RAHV (**Target Telephone #1**"),

> B. one (1) grey LG Cell Phone, IMEI #358388-86-397673-9, S/N #507KPHG397673 (**Target Telephone #2**),

2.     **Target Telephone #1** was seized from ALDACO on July 20, 2019, at the time of his arrest. **Target Telephone #2** was seized on July 21, 2019 from the inside of the bus ALDACO was driving. During his post arrest interview with HSI Special Agents (SAs) Richard Lopez and Robert Robbins, ALDACO informed SAs he placed **Target Telephone #2** in the visor of the bus he was driving. SAs were able to retrieve **Target Telephone #2** with the assistance of a Customs and Border Protection Officer (CBPO). It is believed that **Target Telephone #1 and Target Telephone #2** were used by ALDACO to communicate with co-conspirators during a drug smuggling event on July 20, 2019. On July 20, 2019, ALDACO was arrested at the Calexico, California East Port of Entry (POE), for the importation of a controlled substance, that is, approximately 86.30 kilograms of methamphetamine, in the

1

1  Southern District of California. **Target Telephone #1 and Target Telephone #2** are
2  currently in the possession of Homeland Security Investigations, Assistant Special
3  Agent in Charge (ASAC), Calexico, California Office, located at 2051 N. Waterman
4  Avenue, Suite 101, El Centro, CA 92243, inside the Evidence Vault, located within
5  the Southern District of California.

6      3.    Probable cause exists to believe that the **Target Telephones** contain
7  evidence relating to violations of Title 21, United States Code, Sections 952/960
8  (Importation of a Controlled Substance) and 963 (Conspiracy to Import a Controlled
9  Substance).

10     4.    Based upon my experience and training, and all the facts and opinions set
11 forth in this Affidavit, and as to the period of time between June 1, 2019, through July
12 21, 2019, I believe there is probable cause that the items to be seized set forth in
13 Attachments B-1/B-2 will be found in the items to be searched as described in
14 Attachments A-1/A-2. I believe these items are, or will lead to, evidence of the
15 violations described above.

16                    **<u>EXPERIENCE AND TRAINING</u>**

17     5.    I am employed as a Special Agent with the Department of Homeland
18 Security (DHS). Immigration and Customs Enforcement (ICE), Homeland Security
19 Investigations (HSI) have so been employed since November 2018. I am currently
20 assigned to the Assistant Special Agent in Charge (ASAC) Calexico, California Office,
21 Imperial Valley Border Enforcement Security Task Force (IVBEST) Group.  Upon
22 being hired as a HSI Special Agent, I attended the Federal Law Enforcement Training
23 Center (FLETC) in Glynco, Georgia and graduated from the Criminal Investigator
24 Training Program (CITP) on February 25, 2019, and Homeland Security Investigations
25 Special Agent Training Program (HSISAT) on June 6, 2019, where I received training
26 in all aspects of narcotics investigations. This training included, but was not limited to,
27 the enforcement of the drug laws, investigation of drug trafficking, drug recognition

28                                    2

1  and terminology, case management, undercover operations, interviewing techniques,
2  the gathering of evidence, preservation of a crime scene, and the use of electronic
3  surveillance.

4        6.      Prior to becoming a Special Agent, I was employed as a Police Officer
5  with the El Centro Police Department (ECPD) in El Centro, California, between 2008
6  and 2018. I attended a six- month full-time basic Police Academy at the Ben Clark
7  Public Safety Training Center, located in Riverside, California of which I graduated
8  from on April 9, 2009. During the academy I successfully completed 12 hours of
9  training in crimes involving controlled substances.  As a Police Officer I have
10  participated in and conducted investigations of violations of various states criminal
11  laws, including unlawful possession with intent to distribute controlled substances,
12  distribution of controlled substances, and conspiracy to possess and distribute
13  controlled substances, all in violation of Health and Safety Codes §§ 11378, 11379,
14  11351, 11352 and California Penal Code §182. These investigations resulted in arrests
15  of individuals who have received and distributed controlled substances, including
16  prescription pills, heroin, and methamphetamine. These investigations also resulted in
17  seizures of illegal drugs and proceeds of the distribution of those illegal drugs.
18  Through these investigations and training, I am familiar with the operations and
19  methodologies individuals involved in the distribution of prescription pills, heroin, and
20  methamphetamine. Between April 2014 and October 2014, I participated as a Task
21  Force Officer (TFO) with the HSI IVBEST Group on a Title III investigation of
22  persons involved in the importation and distribution of controlled substances.

23        7.      I am familiar with and have used many of the traditional methods of
24  investigation, including, visual surveillance, informant and witness interviews,
25  defendant debriefings, and the seizure of drug evidence. I have participated in drug
26  investigations leading to the seizure of illegal narcotics and the arrest of individuals for
27  drug law violations.

28                                3

8.      Through the course of my training, investigations and conversations with other law enforcement personnel, I am aware that it is a common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators in order to further their criminal activities.  Conspiracies involving narcotics smuggling generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messages, emails, instant messages, social networking messages, and phone numbers of co-conspirators.

9.      In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of narcotics investigations, and the opinions stated below are shared by them.  Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit.

10.      Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in controlled substance smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

a.  Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, social networking sites, and voice messages.

b.  Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

c.  Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

4

d. Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

e. Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity including the presence and location of marked and unmarked units, as well as the operational status of Border Patrol checkpoints.

f. Drug smugglers will use cellular telephones to communicate with each other regarding payment and other financial arrangements relating to the transportation of their illegal cargo.

11.    The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews; my review of documents related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; conversations with other agents experienced in controlled substance investigations, and information gained through my training and experience. All the dates, times, and amounts listed in this affidavit are approximate. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for search warrants, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## FACTS SUPPORTING PROBABLE CAUSE

12.    On July 20, 2019 at approximately 4:10 p.m., Israel ALDACO-Perez (ALDACO) applied for entry at the Calexico, California East Port of Entry (POE) driving a white Dina commercial bus bearing California license plate 82793R2.

13.    Customs and Border Protection Officer (CBPO) Moreno was at vehicle primary lane number one at the Calexico, California East POE when he encountered ALDACO. ALDACO provided CBPO Moreno with his Border Crossing Card

5

1   (#TJT004634324).   CBPO Moreno received negative customs declaration from
2   ALDACO.  CBPO noticed a TECS computer alert when the driver and bus were
3   queried.  Based on the computer alert, CBPO Moreno referred the vehicle to vehicle
4   secondary lot for further inspection.  In the secondary area, CBPO F. Velarde received
5   a negative Customs declaration from ALDACO. Canine Enforcement Officer (CEO)
6   Parker utilized his Human Narcotics Detector Dog (HNDD) which alerted to the gas
7   tank area of the vehicle. Based on the HNDD K9 alert, the vehicle was referred to
8   the Gantry machine and scanned by CBPO Pizano, who noticed anomalies in the gas
9   tank.  A contractor was called and was used to remove the gas tank which revealed
10  an access panel on the side of the gas tank. CBPO E. Garcia took over the inspection
11  and removed the access plate. He then discovered vacuum sealed bundles wrapped
12  in black carbon paper. A total of 45 packages were discovered within the gas tank.
13  The packages field tested positive for the presence of methamphetamine. The
14  packages had a combined weight of approximately 86.30 kilograms (189.86
15  pounds).

16      14.    ALDACO was arrested and referred for prosecution following the
17  discovery of the narcotics concealed in the bus. I and SA Robbins conducted the post-
18  arrest interview with ALDACO. ALDACO was informed of his rights under Miranda,
19  and he chose to waive his rights and agreed to speak with us without the presence of
20  an attorney.

21      15.    Following the arrest of ALDACO, **Target Telephone #1** was seized by
22  CBP Officers from ALDACO's person. ALDACO stated **Target Telephone #1**
23  belonged to him.    During the post arrest interview, ALDACO informed me and
24  Special Agent Rob Robbins that he had a second cellular phone (**Target Telephone**
25  **#2)** which was inside the bus he was driving. ALDACO stated that **Target Telephone**
26  **#2,** was in the visor above the driver's seat of the bus. **Target Telephone #2** was
27
28                                            6

1  seized by a CBPO. I witnessed ALDACO confirming that **Target Telephone #2**
2  belonged to him.

3      16.  During the post-arrest interview, ALDACO also admitted that he knew
4  there were drugs concealed the in the gas tank of the bus, but he denied knowing what
5  types of drugs or the quantities of the drugs that were in the bus.

6      17.  On July 22, 2019, ALDACO pleaded not guilty to a single count
7  complaint charging him with a violation of Title 21, United States Code Sections 952
8  and 960.

9      18.  Based upon my experience and training, consultation with other law
10  enforcement officers experienced in narcotics trafficking investigations, and all the
11  facts and opinions set forth in this affidavit, I believe that information relevant to the
12  narcotics smuggling activities of ALDACO and his co-conspirators, such as
13  telephone numbers, made and received calls, contact names, electronic mail (email)
14  addresses, appointment dates, email messages, messages and posts from social
15  networking sites like Facebook, pictures, location data, and other digital information
16  are stored in the memory of **Target Telephone #1 and Target Telephone #2**
17  described herein.

18  **SEARCH METHODOLOGY**

19      19.  It is not possible to determine, merely by knowing the cellular telephone's
20  make, model and serial number, the nature and types of services to which the device is
21  subscribed and the nature of the data stored on the device. Cellular devices today can
22  be simple cellular telephones and text message devices, can include cameras, can serve
23  as personal digital assistants and have functions such as calendars and full address
24  books and can be mini-computers allowing for electronic mail services, web services
25  and rudimentary word processing. An increasing number of cellular service providers
26  now allow for their subscribers to access their device over the internet and remotely
27  destroy all of the data contained on the device. For that reason, the device may only

28  7

1    be powered in a secure environment or, if possible, started in "flight mode" which

2    disables access to the network. Unlike typical computers, many cellular telephones do

3    not have hard drives or hard drive equivalents and store information in volatile memory

4    within the device or in memory cards inserted into the device. Current technology

5    provides some solutions for acquiring some of the data stored in some cellular

6    telephone models using forensic hardware and software. Even if some of the stored

7    information on the device may be acquired forensically, not all of the data subject to

8    seizure may be so acquired. For devices that are not subject to forensic data acquisition

9    or that have potentially relevant data stored that is not subject to such acquisition, the

10   examiner must inspect the device manually and record the process and the results using

11   digital photography. This process is time and labor intensive and may take weeks or

12   longer.

13        20.    Following the issuance of this warrant, I will collect the subject cellular

14   telephone and subject it to analysis. All forensic analysis of the data contained within

15   the telephone and its memory cards will employ search protocols directed exclusively

16   to the identification and extraction of data within the scope of this warrant.

17        21.    Based on the foregoing, identifying and extracting data subject to seizure

18   pursuant to this warrant may require a range of data analysis techniques, including

19   manual review, and, consequently, may take weeks or months. The personnel

20   conducting the identification and extraction of data will complete the analysis within

21   ninety (90) days, absent further application to this court.

22

23                                   **CONCLUSION**

24        22.    Based on all of the facts and circumstances described above, I believe that

25   probable cause exists to conclude that defendant ALDACO used **Target Telephone**

26   **#1 and Target Telephone #2** to facilitate the offense of importation and distributing

27   a controlled substance. These telephones were likely used to facilitate the offenses by

28                                          8

1 transmitting and storing data, which constitutes evidence, fruits, and instrumentalities

2 of violations of Title 21, United States Code, Sections 952, 960, and 963.

3       23.    Because the **Target Telephones** were seized during the commission of

4 the offense and has been stored in a secure location, there is probable cause to believe

5 that evidence of illegal activity committed by ALDACO continues to exist on the

6 **Target Telephones** as to the period time between June 1, 2019, through July 21, 2019.

9

24.     Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I have probable cause to believe that, as to the period of time from June 1, 2019, through July 21, 2019, the items to be seized set forth in Attachments B-1/B-2 are will be found in the property to be searched described in Attachments A-1/A-2. Therefore, I respectfully request that the Court issue a warrant authorizing me, a Special Agent with Homeland Security Investigations, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A-1/A-2, and seize the items listed in Attachment B-1/B-2, as to the period of time from June 1, 2019, through July 21, 2019.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Richard F Lopez
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 23rd day of August, 2019.

HONORABLE MICHAEL S. BERG
United States Magistrate Judge

10